UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-100-TAV-DCP |
| | ) | |
| CHARLES ANDREW CROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Charles Crothers' Motion for Continuance of All Deadlines and Trial [Doc. 19] for disposition or recommendation as appropriate pursuant to 28 U.S.C. § 636, the Local Rules of this Court, and referral from District Judge Thomas A. Varlan [Doc. 20].

Defendant requests that the Court continue all deadlines and the trial date [Doc. 19]. He notes that he recently retained his present counsel [*Id.* ¶ 1].[1] He states that his counsel recently received additional discovery and needs time to review the new material and prepare any necessary motions [*Id.* ¶ 2]. Defendant understands that the time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 4]. Finally, Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. §

---

[1] On September 27, 2024, the Court granted Defendant's Motion for Substitution of Counsel [Doc. 14].

3161(h)(7)(A).  In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence.  *See id.* § 3161(h)(7)(B)(i)–(iv).  Defense counsel needs more time to review discovery, prepare any necessary motions, and otherwise prepare for trial.  The Court finds that all of this cannot occur before the November 12, 2024 trial date.

The Court therefore **GRANTS** Defendant Charles Crothers' Motion for Continuance of All Deadlines and Trial [**Doc. 19**].  The trial of this case is reset to **April 1, 2025**.  A new, comprehensive trial schedule is included below.  Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on October 28, 2024, and the new trial date is fully excludable time under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Charles Crothers' Motion for Continuance of All Deadlines and Trial [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 1, 2025 at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 28, 2024** and the new trial date of **April 1, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **December 6, 2024**, and responses to motions are due on or before **December 20, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 3, 2025**;

(1) the deadline for filing motions *in limine* is **March 17, 2025**;

(2) the parties are to appear before the undersigned for a final pretrial conference on **March 18, 2025, at 2:00 p.m.**; and

(3) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 21, 2025**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge