| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 3:24-CR-100 |
| | ) | |
| | ) | |
| CHARLES CROTHERS, | ) | |
| Defendant | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the defendant, Charles Crothers, by and through counsel and hereby submits its sentencing memorandum for the Court's consideration. For the reasons stated herein, this Court should deny the United States' motion for an upward variance from the sentencing guidelines range because a sentence within his guideline range accomplishes the goals and principles of 18 U.S.C. § 3553(a). In support thereof, it is respectfully shown as follows:

## BACKGROUND

On July 15, 2025, Mr. Crothers entered into a guilty plea agreement on Count One of the Indictment, Attempted Enticement of a Minor under 18 U.S.C. § 2422(b). [Doc. 35]. According to the agreement, Count Two of the Indictment will be dismissed at sentencing and the parties agreed to a capped sentence of imprisonment of two hundred ten (210) months. Mr. Crothers has been in continuous custody since his arrest on the instant offense on September 5, 2024.

Mr. Crothers's total lack of criminal history establishes him in Criminal History Category I. According to the Presentence Investigation Report ("PSI"), Mr. Crothers was given a two-level adjustment under the specific offense characteristics due to his use of an interactive computer service. [PSI ¶ 34]. Mr. Crothers also received a five-level Chapter Four adjustment due to his

interaction with two additional minors, making him "a repeat and dangerous sex offender against minors." [*id.* ¶ 39]. Mr. Crothers received a three-point deduction for his acceptance of responsibility with a total offense level of thirty-two (32) in the report. [*id.* ¶ 40-41].

The Chapter 4 adjustment of five levels should not apply because the conduct Mr. Crothers is alleged to have engaged in does not meet the definition of prohibited sexual conduct as defined explained by the commentary application notes of 18 U.S.C. § 4B1.5(b). [1] Absent this enhancement, Mr. Crothers would be at a level 27. Nevertheless, because the statutory minimum is ten years, Mr. Crothers is requesting a sentence of 121 months.

**SENTENCING LAW**

Congress has promulgated four purposes of sentencing: (1) punishment; (2) deterrence; (3) incapacitation; and (4) rehabilitation. 18 U.S.C. § 3553(a)(2). To achieve these ends, Section 3553(a) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of the specific case to tailor a sentence in light of other statutory concerns. *United States v. Booker*, 543 U.S. 220 (2005). The primary directive in Section 3553(a) is for sentencing courts to impose a sentence "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in that statutory code. To accomplish these goals, courts analyze the following factors:

> (1)     The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)     The need for the sentence imposed –
>    A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    B. To afford adequate deterrence to criminal conduct;
>    C. To protect the public from further crimes of the defendant; and
>    D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)     The kinds of sentences available;
> (4)     The kinds of sentence and the sentencing range established . . .;

---

[1] While the Defendant did not object to the guideline range listed in the presentence report, Federal Rule of Criminal Procedure 32 (i)(1)(D) expressly lets the court, "for good cause, allow a party to make a new objection at any time before sentence is imposed."

(5)     Any pertinent policy statement . . . ;
(6)     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)     The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7). The sentencing court should consider the guideline range in combination with the Section 3553(a) factors before imposing a sentence. *United States v. McBride*, 434 F.3d 470, 475-76 (6th Cir. 2006).

## ANALYSIS

A within range sentence is sufficient and not greater than necessary to achieve the purposes of sentencing through the application of the § 3553(a) factors to Mr. Crothers's specific circumstances. Because the Guidelines appropriately considered the arguments made by the government for variance, an upward variance is wholly inappropriate.

### 1.   Nature and Circumstances of the Offense

After dedicating most of his adult life to public service for our country and communities, Mr. Crothers made the horrible decision to commit Attempted Enticement of a Minor during a three-day period in June of 2024. Significantly, he never followed through with a planned meeting between himself and the undercover officer posing as a fifteen-year-old. Around this same time, the PSI notes that Mr. Crothers exchanged inappropriate messages with two other minors for which he was not charged criminally. [PSI ¶¶ 27–28]. The prosecution argues these additional facts, occurring during a very short period, and his employment as a law enforcement officer, warrant a sentence of two hundred ten (210) months. Neither of these arguments, however, aligns with the purpose and principles of our sentencing scheme.

First, it is not clear that the enhancement pursuant to USSG § 4B1.5(b)(1) applies. Guidelines § 4B1.5(b)(1) imposes a 5-level enhancement if "the defendant's instant offense of

conviction is a covered sex crime," and the defendant "engaged in a pattern of activity involving prohibited sexual conduct." "[C]overed sex crime[s]" include certain offenses "perpetrated against a minor," but do not include "trafficking in, **receipt of, or possession of, child pornography**, or a recordkeeping offense." USSG § 4B1.5, comment. (n.2) (emphasis added). Here, the PSI asserts that Mr. Crothers "attempted to obtain child pornography from the undercover agent, which he believed was a 15-year old girl, on multiple occasions, and asked [for] and obtained two images of pornography from a 13-year old girl." [PSI ¶ 39]. The record contains no evidence that Mr. Crothers did anything other than solicit and later possess child pornography. The solicitation and possession of child pornography are expressly excluded from the definition of "prohibited sexual conduct". See, e.g., *United States v. Perez*, 61 F.4th 623, 628 (8th Cir. 2023) (holding that receipt of child pornography is expressly excluded from the definition of "prohibited sexual conduct."). Accordingly, this enhancement does not apply. [2]

Additionally, the underlying facts of the case do not warrant a deviation from the guideline range. The farther a sentence departs from the guidelines, the more compelling the justification based on factors in section 3553(a) must be. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). In *United States v. Trout*, the Sixth Circuit upheld an upward variance of seven months for a defendant who pleaded guilty to one count of transporting child pornography. *United States v. Craig Trout*, No. 23-2108, 2025 U.S. App. LEXIS 17117, 2025 WL 1898110 (6th Cir. July 9, 2025). The parties agreed that the court had discretion to consider his prior sexual misconduct in considering "the histories and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1). Id. at *3. The sexual misconduct the court considered included the defendant admitting that he "preferred pornography that depicted children under 13 years of age and as young as

_____

[2] Arguably this a distinction without a difference because Attempted Enticement of a Minor carries a ten-year minimum sentence.

infants." *Id.* at *2. The defendant admitted that he "masturbated to child pornography in view of his 18-month-old son on at least three occasions." *Id.* He further stated that "he once made his four-year-old son rub his erect penis and masturbated in front of his son while they showered together." A four (4) percent upward variance of seven months, the *Trout* Court maintained, was appropriate given this additional misconduct, as well as the "sexual violence perpetrated on children that is captured electronically and exchanged 'ad infinitum for years and years and years.'" *Id.* at *4.

In *United States v. Poynter*, the Sixth Circuit held that the sentencing court's upward variance to the statutory maximum for a defendant who pleaded guilty to traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with two minors was unreasonable and remanded the case for a new hearing. 495 F.3d 349 (6th Cir. 2007). The defendant had been previously convicted of four counts of sodomy in the second degree with an eleven-year-old male. The Court sentenced him to the statutory maximum out of a need to protect the public, particularly children, from further crimes. *Id.* at 350.

The Sixth Circuit noted that "the primary ground for the variance – that the court wanted to prevent *Poynter* from ever committing this crime again – does not distinguish *Poynter* from other repeat sex offenders." *Id.* at 353. The Court went on to further explain:

> No less importantly, the Sentencing Commission promulgated the "Repeat and Dangerous Sex Offender Against Minors" guideline precisely to address the problem of recidivist sex offenders. Designed to deal with individuals who previously have sustained "at least one sex offense conviction," U.S.S.G. § 4B1.5(a), and who have exhibited a "pattern of activity involving prohibited sexual conduct," id. § 4B1.5(b) . . . [t]he guideline protects the public from this "continuing danger" by calling for a "lengthy incarceration" for these individuals – one that significantly bumps up the sentencing range for any sex offender who has committed at least one sex offense before.

*Id.* at 353. Moreover, the sentence was not shown to be no greater than necessary given additional measures the Court has available such as "life-time supervised release — authorized by Congress, 18 U.S.C. § 3583(k)." *Id.* at 355. The Court found that "[a]bsent some explanation for why Poynter's risk of recidivism differs from that of other repeat sex offenders Poynter's risk of recidivism differs from that of other repeat sex offenses, we are hard-pressed to understand why Poynter, but apparently not other repeat offenders, needs what amounts to a life sentence." *Id.* at 354.

Mr. Crothers's conduct was undoubtedly immoral and wrong. Unlike the defendant in *Poynter*, who repeatedly and over a prolonged period sexually abused boys, Mr. Crothers's communications occurred over a period of months in 2024. The egregiousness of Mr. Crothers's actions also pale in comparison to the facts in *Trout*, where the Court imposed a mere seven-month upward variance. There is nothing about the specific circumstances of Mr. Crothers's offenses that warrants an upward variance, especially if U.S.S.G. § 4B1.5(b) is applied.

Here, the government is asking for an upward variance of one hundred twenty-three (123) months, or forty-nine (49) months if the Court finds that the Chapter Four Enhancement is applicable. This extreme departure is simply unwarranted by the lack of any compelling justification, and results in "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

If the Court finds that U.S.S.G. § 4B1.5(b)(1) applies to Mr. Crothers, there is even more reason to not allow for an upward variance. This enhancement, which takes into account the same facts that the prosecution argues necessitate an upward variance, takes Mr. Crothers from a sentencing range of seventy (70) to eighty-seven (87) months to one of 121-151 months. Without any additional circumstances taking Mr. Crothers's case outside what can be said of any sexual

offender, an upward variance based solely on the need to protect society and children from sexual offenders is inappropriate and unjust.

The prosecution also requests an upward variance because of Mr. Crothers's "being a career police officer while committing his crimes against children." [Doc. 45 at p. 9]. However, the Guidelines and 18 U.S.C. § 3553(a) focus sentencing on the offense and the offender's conduct, not the offender's profession. An upward variance based purely on occupational status—untethered to how that status was used—punishes the defendant for who he is rather than what he did.

The Guidelines already account for abuse of a position of trust in U.S.S.G. § 3B1.3, which provides a two-level enhancement. The Sentencing Commission specifically designed that enhancement for situations where a defendant used his or her position in the offense. *See United States v. Vance*, No. 23-5766/5773, 2024 U.S. App. LEXIS 29867 (6th Cir. Nov. 22, 2024) (holding that the abuse of position of trust enhancement requires that the defendant's position must have contributed in some significant way to make the crimes possible because for the enhancement to apply, the crime would have been far more difficult to commit). Mr. Crothers did not use his employment as an officer in any fashion during the commission of his offense. The prosecution is essentially asking the Court to impose a back-door § 3B1.3 enhancement without meeting its requirements.

An upward variance must rest on specific § 3553(a) factors, not general moral disapproval. To justify a variance, the Court must identify a § 3553(a) consideration that the Guidelines do not adequately capture. The government's position—that Mr. Crothers should receive a higher sentence because he was a police officer and his conduct is especially troubling—does not meet that standard. Taken to its logical conclusion, that reasoning would subject law enforcement

defendants to higher sentences as a class rather than based on individualized circumstances. That result would conflict with the principle that similarly situated defendants should be sentenced similarly. Mr. Crothers's conduct is deeply disappointing, particularly in light of his oath to uphold the law. But disappointment is not a § 3553(a) factor. The Court's task is not to impose a harsher sentence because of the uniform he wore; it is to impose a sentence sufficient, but not greater than necessary, for this offense.

2.  **The History and Characteristics of the Defendant**

Mr. Crothers is a thirty-nine-year-old male with no prior criminal history. He was born in Michigan, has two children, and has been married to Sarah Moore since 2017. [PSI ¶¶ 52, 54]. He served in law enforcement with the Rockwood Police Department, Blount County Sheriff's Office, and Oak Ridge Police Department in Tennessee. He also served as an officer with the Carteret County Sheriff's Office in North Carolina. [PSI ¶¶ 63–64].

Prior to his career in law enforcement, Mr. Crothers served in the United States Marine Corps from 2005 through 2012. He was deployed three times: twice to Iraq and once to Afghanistan. As a result of his military service, Mr. Crothers suffered numerous injuries and has been diagnosed with Post-Traumatic Stress Disorder. [PSI ¶¶ 55–56, 58].

3.  **The Need for the Sentence Imposed to Provide Punishment, Deterrence, Incapacitation, and Rehabilitation**

Mr. Crothers acknowledges that he caused harm to others, himself, and his community. With this in mind, a within range sentence is more than sufficient in this case to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. It should be remembered that:

> Respect for the law is promoted by punishments that are fair . . . not those that simply punish for punishment's sake. There is no reason to believe that respect for

the law will increase if a defendant who deserved leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves harsh punishment receives a slap on the wrist.

*United States v. Stern*, 590 F. Supp. 2d 945, 956 (N.D. Ohio 2008).

### A. Deterrence and Protecting Society from Further Criminal Conduct

Pertaining to deterrence, courts have long interpreted this provision of Section 3553(a) to require consideration for both specific and general deterrence of criminal behavior in society. The Government notes that "general deterrence must be considered," but failed to provide any support for how an above-guideline sentence would generally deter other individuals from committing similar offenses. While this case has garnered some attention from small newspapers in East Tennessee because of Mr. Crothers's history as a law enforcement officer, there is no basis to believe that an upward departure would deter others from committing similar offenses.

Regarding specific deterrence, the Government argues that an above-guideline sentence is necessary to deter Mr. Crothers from committing additional criminal acts because, they claim, he continued to engage in criminal behavior while in custody based on letters undersigned counsel received that the Government claims constitute an attempt to obstruct justice.

First, the letters at issue were sent between November 2025 and January 2026. The letters purported to be authored by Brittany Anderson, Mr. Crothers's ex-wife and a Defendant in case number 3:25-cr-00097-TAV-DCP-3. The letters made several incredible claims regarding Mr. Crothers and implicated others in the commission of the offenses to which Mr. Crothers had pleaded guilty. Because the letters had the potential to be exculpatory, and because the author claimed to have sent additional letters to the U.S. Attorney's Office, undersigned counsel had a duty to investigate those claims. Because Ms. Anderson was represented, counsel was unable to interview her regarding her knowledge of the letters and the allegations contained therein.

Accordingly, law enforcement investigated the letters and determined that, in their opinion, the letters did not come from Ms. Anderson and there was no corroboration of any of the claims contained in them. Based on these findings, counsel elected not to present them to the court because (1) many of the allegations in the letters were demonstrably false and (2) there was no way of authenticating the letters themselves.

The Government now seeks to attribute these letters to Mr. Crothers himself without any factual support. They have not charged Mr. Crothers with obstruction of justice and have not offered any newly discovered evidence tying Mr. Crothers to the letters. Finally, it should be noted that one of the letters is not stamped as having been mailed from the Laurel Co. Detention Center, where Mr. Crothers has been in custody since September of 2024. There simply is no basis to suggest that the existence of these letters warrants an upward departure to specifically deter Mr. Crothers from engaging in additional criminal conduct.

More generally, however, a within-guideline-range sentence would provide more than sufficient deterrence to Mr. Crothers. He is a first-time offender with no prior arrests or convictions. He will be required to serve at least ten years for the instant offense, and will be subject to the sexual offender registry and all of its requirements upon release. Additionally, there are at least seven conditions of supervision listed in paragraphs 84–85 of the PSI that are designed to specifically reduce the risk of recidivism. These conditions are sufficient, and an upward departure is inappropriate in this case.

### B. Rehabilitation

Since being taken into custody, Mr. Crothers has used his time to improve himself through voluntary coursework. As of the filing of this memorandum, he has completed eighty-one (81) courses totaling two hundred one (201) hours of instruction through the Edovo platform, and he

completed a further series of courses through the CypherWorx corrections curriculum beginning in August 2025. A certificate of completion for each course is attached as Exhibit A. This is not a record assembled in anticipation of sentencing; it reflects a sustained effort, spanning nearly the entirety of his detention, to understand and correct the conduct that brings him before the Court. That effort is relevant both to the need for rehabilitative treatment under § 3553(a)(2)(D) and to the diminished need for specific deterrence discussed above.

Most significant is the work Mr. Crothers has done to address the conduct underlying his offense. He completed The Freedom Fight Sex Addiction Recovery program, an eleven and one-half (11.5) hour course addressing compulsive sexual behavior, as well as Thinking for the Future, a course grounded in cognitive behavioral therapy—the same evidence-based modality used in clinical sex-offense treatment. He completed additional coursework in Cognitive Awareness and in Critical Thinking and Decision-Making. He remains enrolled in an ongoing Sex Addicts Anonymous recovery curriculum, including the Conference-Approved Third Edition program, demonstrating that his engagement with these issues is continuing.

Mr. Crothers has also completed coursework directed at self-control and accountability. He completed Anger Management on two (2) occasions, a Domestic Abuse Awareness course, and substance-awareness programming that included a Substance Abuse course and a twelve-step recovery curriculum.

Finally, Mr. Crothers has worked to prepare for a productive and law-abiding return to the community. He completed a parenting curriculum of more than twenty (20) courses, structured reentry planning through the fifteen (15) hour Preparing for Success After Prison program, and educational and vocational coursework ranging from GED preparation to trade instruction in plumbing, carpentry, electrical work, and the culinary arts. As a veteran of the United States Marine

Corps, he also completed coursework addressing the trauma and readjustment associated with military service. Taken together, these efforts reflect a first-time offender who has used his time in custody to prepare himself to reenter society as a stable, employable, and accountable member of it. See *Gall v. United States*, 552 U.S. 38, 59 (2007) (crediting the weight a sentencing court gave to a defendant's self-motivated rehabilitation).

### 4. The Kinds of Sentences Available and Applicable Guideline Range

The minimum term of imprisonment for this offense is ten years. The maximum sentence is life. 18 U.S.C. § 2422(b). The statute expressly precludes probation. 18 U.S.C. § 3561(a)(2). Mr. Crothers is also subject to a minimum of five years supervised release, and a maximum of lifetime supervision. 18 U.S.C. § 3583(k). He is subject to a fine of between $35,000.00 and $250,000.00. 18 U.S.C. § 3571(b). There is no restitution in this case.

### 5. Pertinent Policy Statement

Mr. Crothers is not aware of any policy statements pertinent to this case.

### 6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In determining a sentence in Mr. Crothers's case, § 3553(a) requires the Court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The Government requests a 210-month sentence because, essentially, Mr. Crothers was a police officer when he committed this offense. However, as previously discussed, Mr. Crothers did not use his position of authority as a police officer to commit these offenses. He did not exploit his authority to, for example, threaten victims to remain silent or locate victims through a protected database such as NCIC. Certainly, the fact that he was an officer bears on the circumstances of the

case just as the fact that he was a married father of two children and former Marine does—and the Court can increase or decrease his sentence within the guideline range accordingly.

## CONCLUSION

Pursuant to the preceding authority and analysis, Mr. Crothers requests this Court to sentence him to a period of confinement of one hundred twenty-one (121) months, followed by ten years of supervised release. In the alternative, Mr. Crothers requests this Court to sentence him within his designated guideline range.

Respectfully Submitted,


/s/ Jacob Feuer
Jacob Feuer, BPR 33715
Burks & Ogle
800 S. Gay St., Ste. 1900
Knoxville, TN 37929
865-522-4964
Jacob@knoxlegalteam.com
Attorney for Charles Crothers

/s/ Charles Burks
Charles Burks, BPR 000956
Burks & Ogle
800 S. Gay St., Ste. 1900
Knoxville, TN 37929
865-522-4964
cburks@knoxlegalteam.com
Attorney for Charles Crothers